IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN EDWARD WHITE, ) | |
| Reg. No. 111728-002, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 2:21-cv-702-WKW-CSC |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

John Edward White, a federal inmate at the United States Penitentiary at Lee in Jonesville, Virginia ("USP-Lee"), initiated this civil action by filing a document that the Court has construed to be a complaint presenting claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] Doc. 2. In his complaint, White alleges that he is being physically and sexually assaulted by prison staff at USP-Lee. *Id.* at 1. White seeks equitable relief. *Id*. Upon review of White's complaint, the Court finds that this case should be transferred to the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.

---

[1] *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion [or petition] filed by a pro se inmate and determine whether the [document] is, in effect, cognizable under a different remedial statutory framework."); *United States v. Carswell*, 773 F. App'x 591, 592 (11th Cir. 2019).

## DISCUSSION

A federal-law action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction regarding such action. 28 U.S.C. § 1391(b). When venue is improper, the court may, in the interest of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). And "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a).

Venue for this action is improper in the Middle District of Alabama. White identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here. The matters about which White complains occurred or are occurring at USP-Lee, which is located in the Eastern District of Virginia. It stands to reason that the majority of material witnesses and evidence associated with White's claims would be located in the Eastern District of Virginia. The Court concludes that, in the interest of

justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Eastern District of Virginia for review and determination.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.

It is further

ORDERED that by **November 17, 2021**, White may file an objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. White is advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

---

[2] The assessment and collection of any filing fees should be undertaken by the United States District Court for the Eastern District of Virginia.

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 3rd day of November, 2021.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE